**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 5 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-30098 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:19-cr-00088-SLG-DMS-1 |
| DOMINIQUE KYLE JAMES SWAIN, AKA Dominique Swain, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted August 3, 2021**
Anchorage, Alaska

Before:  WARDLAW, MILLER, and BADE, Circuit Judges.

Dominique James Swain appeals the district court's denial of his motion to

suppress evidence following his conditional guilty plea to being a felon in

possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Swain also appeals the district court's denial of his request for an additional evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.    The district court properly concluded that Officer Palmatier had reasonable suspicion to initiate a traffic stop. "[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996); *see also United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006) ("A traffic violation alone is sufficient to establish reasonable suspicion."). The district court found that Officer Palmatier observed Swain driving with unlit headlights at 12:50 A.M.—a violation of local traffic laws that require the use of headlights from a half-hour after sunset until a half-hour before sunrise. *See* Alaska Admin. Code tit. 13 § 04.010(a)(1); Anchorage Mun. Code § 9.36.290.

Moreover, Officer Palmatier formed independent reasonable suspicion to extend the stop to conduct a probation search. *See United States v. Gorman*, 859 F.3d 706, 715 (9th Cir. 2017) ("Police simply may not perform unrelated investigations that prolong a stop unless they have 'independent reasonable suspicion justifying [the] prolongation.'" (alteration in original) (quoting *United States v. Evans*, 786 F.3d 779, 787 (9th Cir. 2015))). When Officer Palmatier asked Swain for his driver's license, Swain represented that he did not have it with

him, and he was unsure whether it was valid. Officer Palmatier returned to his patrol car and ran a computer check that revealed Swain was driving with a revoked license and that he was on probation. At this point, any extension of the stop was justified because Officer Palmatier developed independent reasonable suspicion of a probation violation due to Swain driving with a revoked license. Even if Swain did not in fact have a revoked license, Officer Palmatier's reliance on the computer check's results was reasonable, and suppression would not be warranted. *See Heien v. North Carolina*, 574 U.S. 54, 61 (2014).

2. The district court did not abuse its discretion when it denied Swain's request for further evidentiary hearings. *See United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012). Officer Palmatier's observation that Swain's headlights were off was included in his police report. He also testified to that fact at the evidentiary hearing. Swain even cross-examined Officer Palmatier on the issue. Similarly, Swain had the opportunity to address the status of his license at the evidentiary hearing but failed to do so. *See United States v. Kimball*, 975 F.2d 563, 568 (9th Cir. 1992) (stating that "where a defendant 'fail[s] to present any facts in rebuttal' to the government's evidence, there need be no new evidentiary hearing" (alteration in original) (quoting *United States v. Monaco*, 852 F.2d 1143, 1149 (9th Cir. 1988))).

**AFFIRMED.**

3